IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SALVATORE SALINAS GUERRERO § | |
| § | |
| *Petitioner*, § | |
| § | |
| V. § | CIVIL ACTION NO. SA-25-CV-01682-FB |
| § | |
| PAMELA BONDI, U.S. Attorney General; § | |
| KRISTI L. NOEM, Secretary of the § | |
| U.S. Department of Homeland Security; § | |
| SYLVESTER M. ORTEGA, San Antonio § | |
| Acting Field Office Director for Detention § | |
| and Removal, U.S. Immigration and § | |
| Customs Enforcement; and ROSE § | |
| THOMPSON, Facility Administrator, § | |
| Karnes County Processing Center, in their § | |
| Official Capacities, § | |
| § | |
| *Respondents*. § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Salvatore Salinas Guerrero's ("Petitioner") Petition for Writ of Habeas Corpus (docket no. 1) and the Federal Respondents' ("Respondents") response (docket no. 7). After careful consideration, the petition (docket no. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Salvatore Salinas Guerrero (File No. ███████) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **by no later than noon on January 9, 2026;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Javier N. Maldonado, jmaldonado.law@gmail.com, (210) 277-1603] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

4. Respondents shall **FILE** a Status Report **no later than 5:00 p.m. January 9, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

## BACKGROUND

Petitioner Salvatore Salinas Guerrero is a noncitizen who was born in Mexico and entered the United States without inspection in May of 2016. On April 23, 2024, Petitioner was stopped for a traffic violation and turned over to Immigration and Customs Enforcement ("ICE"). He was placed into full removal proceedings and released, with instruction to periodically report. On November 25, 2025, Petitioner arrived for a routing check-in. ICE agents arrested him and transported him to the Karnes County ICE Processing Center, where he has remained in custody without the opportunity for a bond hearing.

According to Petitioner, ICE is detaining him based on a novel reading of 8 U.S.C. Section 1225(b)(2)(A) adopted by the Board of Immigration Appeals. Under that reading, Section 1225(b)(2)(A) would generally require the detention of every noncitizen who entered the country without inspection, unless they are "clearly and beyond a doubt entitled to be admitted." *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); 8 U.S.C. § 1225(b)(2)(A). Respondents do not deny that they are detaining Petitioner pursuant to this interpretation; in fact, they defend the interpretation in their response.

**DISCUSSION**[1]

I. Legal Standard

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id*. (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id*. (quoting 28 U.S.C. § 2243).

II. Analysis

The parties dispute whether the Court has jurisdiction to order the relief Petitioner has requested and whether Petitioner is entitled to that relief. The Court considers its jurisdiction before turning to the merits.

a. Jurisdiction

As a general matter, the Court has jurisdiction over Petitioner's habeas petition pursuant to 28 U.S.C. Sections 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) ("A district court may grant a writ of habeas

---

[1] In its analysis of the facts, issues, and arguments presented in this case, the Court notes close similarity to that presented in many recent Petitions for Writ of Habeas Corpus filed in the Western District of Texas, and specifically, the San Antonio Division. The Court finds the reasoning in these similar cases persuasive and finds the ultimate determination based upon this reasoning correct. For that reason, and for the sake of expediency, the Court follows these opinions closely. *See, e.g., Mercado v. Lyons*, __ F. Supp. 3d __, Case No. 5:25-CV-1623-JKP, 2025 WL 3654268, at *3 (W.D. Tex. Dec. 11, 2025); *Acea-Martinez v. Noem*, No. 5:25-CV-01390-XR (filed Oct. 28, 2025) (addressing § 1225(b)(2)); *Guevara-Vasquez v. Thompson*, No. 5:25-CV-01372-XR (filed Nov. 25, 2025) (addressing § 1225(b)(1)).

corpus if a petitioner is in federal custody in violation of the Constitution or federal law."). Respondents argue that 8 U.S.C. Sections 1252(g) and (b)(9) divest the Court of jurisdiction here. The Court disagrees.

### 1. Section 1252(g)

Respondents first argue that Section 1252(g) deprives the Court of jurisdiction. That subsection provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (quoting 8 U.S.C. § 1252(g)). It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)). Petitioner "does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order.... [H]e challenges the decision to detain him." *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025). Accordingly, Section 1252(g) does not divest the Court of jurisdiction.

### 2. Section 1252(b)(9)

Respondents next argue that 8 U.S.C. Section 1252(b)(9) precludes jurisdiction. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus ..., or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).  This provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien' . . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Respondents' argument that Section 1252(b)(9) deprives this Court of jurisdiction over Petitioner's petition fails for at least two reasons. First, Petitioner's claim (that Respondents lack legal authority to subject him to mandatory detention under Section 1225 instead of detention with a bond hearing under Section 1226(a)) "is not a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025); Aguilar, 510 F.3d at 11 ("[T]he legislative history indicates that Congress intended to create an exception for claims 'independent' of removal.").

Second, Petitioner cannot "efficaciously" raise his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10). The core of this dispute is whether Petitioner can be detained with no bond hearing (that is, with no administrative opportunity to contest his detention) pending a removal determination. If Section 1252(b)(9) precluded this habeas petition, Petitioner's detention would be "effectively unreviewable," *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality), especially considering the BIA's novel position that immigration judges lack authority to even entertain bond requests, *Matter of Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

    3. Section 1225(b)(4)

Respondents also cite 8 U.S.C. Section 1225(b)(4) for this argument. That section provides that:

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(4). Respondents do not identify any decision "favorable to the admission of any alien" or allege that any "challenge" to such a decision has "operate[d] to take [Petitioner] before an immigration judge." *Id.* Therefore, the relevance of this provision is not apparent. In sum, the Court has jurisdiction to consider Petitioner's claims.

b. Merits

The remaining issue is whether Respondents can lawfully detain Petitioner without a bond hearing, pursuant to Section 1225(b)(2). Petitioner claims that Respondents lack statutory authority to detain him without a bond hearing and are violating his constitutional rights by doing so. Because the Court agrees with Petitioner's statutory argument, it need not address his constitutional arguments.

Petitioner argues that Section 1225(b)(2) does not permit his detention and that he may only be detained under Section 1226(a). Respondents contend, on the other hand, that Petitioner falls under Section 1225(b)(2) because he is an "applicant for admission," which includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1).

The question is whether Section 1225(b)(2) applies to all noncitizens who, like Petitioner, are already in the country but entered without inspection. If so, Section 1225(b)(2) makes Petitioner's detention mandatory. If not, Section 1226(a) applies, Petitioner's detention is discretionary, and he is entitled to a bond hearing if he remains detained. "This is not the first case to present this issue; in recent months, courts all over the country have generally rejected Respondents' broad interpretation of Section 1225(b)(2). *Estupinan Reyes*, Case No. SA-25-CA-01590-XR, 2025 WL 3654265, at *3 (W.D. Tex. Dec. 12, 2025) (collecting cases). "This Court does the same." *Id.*.

Opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *Id.* (collecting cases). The Court finds those opinions generally persuasive and will not restate every rationale therein. See *Buenrostro-Mendez*, Civil Action No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement."). Instead, the Court will focus on the two factors that most clearly command

against Respondents' broad interpretation: Section 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes. As United States District Judge Xavier Rodriguez recently explained:

> To start, Section 1225(b)(2)'s language is clear. It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). That is to say, Section 1225(b)(2) requires someone to be detained if three conditions are met: (1) the person is an "applicant for admission"; (2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the person "is not clearly and beyond a doubt entitled to be admitted." *Id.; see, e.g., Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).
>
> The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Because Petitioner is present in the United States and has not "lawful[ly] ent[ered] ... after inspection and authorization by an immigration officer," he is an "applicant for admission." *Id.* §§ 1101(a)(13)(A); 1225(a)(1).
>
> But at the time of Petitioner's detention, he was not "seeking admission." Again, admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). When ICE detained him in 2025, Petitioner was not seeking entry, much less "lawful entry ... after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), as amended (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful entry of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (Emphasis in original)); *Lopez Benitez*, 2025 WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase 'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage"). Because Petitioner is not "seeking admission," ICE may not detain him under Section 1225(b)(2).

*Estupinan Reyes*, 2025 WL 3654265, at *4.

Additionally, the Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government

to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289. Courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting Hollis v. Lynch, 827 F.3d 436, 448 (5th Cir. 2016)). Therefore, "Section 1225(b)(2) applies to noncitizens 'seeking admission,' and Section 1226 applies to noncitizens 'already in the country.' Respondents may not detain Petitioner under Section 1225(b)(2).

As Respondents do not claim that Petitioner is being detained under Section 1226, "the Court sees no reason to consider" Section 1226 as a basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). His detention is unlawful, and habeas relief is proper. *Estupinan Reyes*, 2025 WL 3654265, at *4; *see also* docket no 7 at page 2 (Respondents' statement that "[t]he only relief available to Petitioner through habeas is release from custody").

c. attorney's fees

Finally, Petitioner requests attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (docket no. 1) is **GRANTED**. It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Salvatore Salinas Guerrero (File No. ██████████) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **by no later than noon on January 9, 2026;**

2. Respondents must **NOTIFY** Petitioner's counsel by email [Javier N. Maldonado, jmaldonado.law@gmail.com, (210) 277-1603] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

4. Respondents shall **FILE** a Status Report **no later than 5:00 p.m. January 9, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

A final judgment will issue separately.

It is so ORDERED.

SIGNED this 6th day of January, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE